## RYAN v. RICE.

1. A mortgage on land given to secure the payment of promissory notes can not, after they have been paid, be foreclosed.

2. Accordingly, where a creditor held such notes secured by such a mortgage, and his agent also held a deed embracing a power of attorney executed by the debtor, authorizing the agent to sell the land for the purpose of paying the notes in case of any default in the payment thereof, and this power was exercised, and from the proceeds of the sale the notes were satisfied in full, it was no longer the right of the creditor to foreclose the mortgage.

3. Under the rules above laid down, the original answer and the amendment thereto set up good matters of defense to the plaintiff's proceeding.

Argued November 9, — Decided December 8, 1899.

Foreclosure of mortgage. Before Judge Evans. Pulaski superior court. February term, 1899.

*L. C. Ryan* and *J. H. Martin*, for plaintiff in error.
*Steed, Ryals & Stone* and *Jordan & Watson*, contra.

LEWIS, J. Ira A. Rice brought his petition in Pulaski superior court, against Mrs. Eleanora Ryan, for the purpose of foreclosing his mortgage on certain lands in that county. It was executed on September 2, 1889, to secure her note of $1,250.00 principal, besides interest represented by coupon interest notes, and attorney's fees. At the appearance term of the case the defendant filed her answer in which she set up substantially the following facts: She borrowed the money mentioned in the petition through the Guarantee Company of Georgia. The notes were delivered to this company, which acted as the agent of Rice, and also as the agent of defendant in negotiating the loan. The company, as a part of the transaction, took from defendant a deed to all the land mortgaged to Rice, with power, should there be any default in the payment of the principal and interest, to sell the land so mortgaged to Rice and deeded to the Guarantee Company, and to apply the proceeds of the sale to the payment of said notes and mortgage, said company having guaranteed the payment, and being the authorized agent of Rice. In pursuance of this power of sale, defendant having defaulted in the payment of the notes, the Guarantee Company sold the land at public outcry, and

it was purchased by Howard M. Smith, general manager of the Guarantee Company, at the price of $1,405.00, and a deed made to Smith accordingly. The Guarantee Company being the agent of Rice, it was its duty to pay over the money arising from the sale of the land to Rice, and the sale operated as an extinguishment and settlement of the note and mortgage made to Rice. It was prayed in the answer that the Guarantee Company and Smith be made parties in the case, and be required to produce into court the deed with power of sale, made to the company, and the deed made under the power of sale by the company to Smith, and that the notes and mortgage of the defendant held by Rice be delivered up and cancelled. To this answer a demurrer was filed by the attorney for petitioner, which was sustained by Judge Smith. To this judgment exceptions pendente lite were filed, and duly certified by the judge. Subsequently, at the same term, the case was called for trial by Judge Evans, who was then presiding in the place of Judge Smith, and an amendment to the answer was then offered, to the effect that the Guarantee Company was, at the time of making the loan set out in the petition, the agent of Rice, petitioner, and guaranteed to Rice prompt payment of the principal and interest on the notes described in the petition, and, as additional security, Rice procured from defendant a power of attorney to the Guarantee Company, authorizing it, in the event of a failure to pay any of the interest notes, or principal, when the same should become due, to sell the land and pay off and settle up the notes; and defendant failing to pay one of the notes, the land was sold by the company and bought in by Smith for $1,405.00, which sum the Guarantee Company received as the agent of Rice, and paid off and settled the notes described in the petition. The notes and mortgage described in the petition were not delivered by defendant to plaintiff, but were delivered to the Guarantee Company, which acted as the agent for both plaintiff and defendant, in all matters pertaining to the loan. When the case came on for trial before Judge Evans, objection was made to the amendment by counsel for plaintiff below, on the ground that it set up the same defense which had been overruled and stricken by Judge Smith.

Judge Evans sustained plaintiff's objection, and refused to allow the plea. This ruling is excepted to, and assigned as error in the bill of exceptions. The case proceeded to trial, and after the introduction of the notes and mortgage plaintiff closed. Defendant then offered to prove the sale of the land, and payment of the note, which the mortgage was given to secure, by the money arising from the sale. The court ruled that, under the pleadings as they then stood, proof could not be made, to which defendant likewise excepted. The court directed a verdict for the plaintiff, and defendant excepted to the form of the verdict, claiming that it was a " general verdict."

There is nothing in the contention of counsel for the defendant in error, that the ruling of Judge Smith in sustaining the demurrer to the plea can not be considered by this court, upon the ground that it has not been properly excepted to. Exceptions pendente lite were filed to this judgment, and duly certified by the judge, ordered filed and made a part of the record in the case, as is recited in the main bill of exceptions, and as appears of record. The main bill specifically assigns error on this judgment of the court in sustaining the demurrer and striking the plea and answer. As to the amendment to the plea offered before Judge Evans during the same term, it being demurred to on the ground that the same allegations were contained in the original plea stricken by Judge Smith, we will treat the case in the light of the allegations in the original and amended plea, and will consider the question as to whether these allegations set forth a valid defense to the foreclosure of the mortgage.

It will be observed from the recital of facts above that the Guarantee Company had guaranteed to the mortgagee payment of the loan made by him to the plaintiff in error, and that the company, to secure itself against loss on this guaranty, took a deed from the mortgagor to the same land, with power of sale in the event of default in the payment of the loan. It is specifically alleged in the answer that this power was executed by the Guarantee Company selling the land, that in the sale it was acting as agent for the mortgagee, that it realized a sufficient sum from the proceeds of the sale to pay the debt, and

that the amount due on the notes given by the mortgagor to the mortgagee was actually paid the latter by the Guarantee Company. If this be true (and the demurrer admits the facts), then this necessarily operated as a cancellation of the mortgage which the defendant in error was seeking to foreclose. The simple question for decision then is, whether, at law, a mortgagee can foreclose his mortgage upon land given to secure a note which has been paid off. To state the proposition is to answer it in the negative. The only reason urged why the court did not err in striking the plea of payment in this case is, that the answer of the defendant to the petition to foreclose shows that by virtue of the sale on the part of the Guarantee Company the title to the land has passed to another, and she, therefore, had no interest whatever in the property, and a foreclosure of the mortgage and a sale of the property thereunder could in nowise cause any injury or damage to her. While it is true that the judgment obtained upon this foreclosure constitutes only a lien upon this property, and can be enforced only by a sale of it, yet it is also a proceeding against the plaintiff in error. The verdict, though general in its terms, must be construed in the light of the pleadings; and it simply means a finding of so much money, to be made by a levy and sale of the land described in the petition for foreclosure. By the rule nisi, the mortgagor is called upon to pay into court, on or before the first day of the next term thereof, the amount due upon the notes. Whether the mortgagor has been divested of the title to the property since the giving of the mortgage can not affect her right to answer and deny any indebtedness whatever on the notes. If they have been paid, the mortgagee certainly has no right to annoy and harass her by a suit calling for their repayment. She is, moreover, interested in seeing that a judgment is not entered against her, finding the notes still unpaid, although the enforcement of the judgment itself might not operate to her injury; for in the event the land should be sold under the foreclosure, and not bring enough to pay the amount found due, to say the least of it, there would exist the danger of a suit for a general judgment for the balance against her, and a claim on the trial of

such a suit that the judgment of foreclosure fixed the amount of the indebtedness. We therefore think the court erred in striking the pleas of the defendant below, and that the issues of fact therein presented should have been submitted to the jury.

　　　*Judgment reversed. All the Justices concurring.*